IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE TEED, | ) | CASE NO. 1:11-CV-288 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | **REPORT & RECOMMENDATION** |
| SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

I. INTRODUCTION & PROCEDURAL BACKGROUND

This case is before the Magistrate Judge pursuant to Local Rule 72.2(b).  On February 9, 2011, Julie Teed ("Plaintiff") filed the complaint in the instant action seeking to appeal the Social Security Administration's denial of her application for benefits.  (Doc. 1).  Now pending before the Court is Defendant's Motion To Dismiss, (Doc. 14), filed on October 5, 2011.[1]  Defendant, the Commissioner of the Social Security Administration (the "Commissioner") seeks to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that Plaintiff's complaint was untimely filed.

Upon the Court's review of the docket, it discovered that Plaintiff had not responded to the Commissioner's motion within 30 days of its filing as required by Local Rule 7.1(d).  Accordingly, on December 9, 2011, the undersigned issued an order directing Plaintiff to show cause why the Court should not recommend dismissal of the case due to Plaintiff's failure to oppose the

---

[1] The long gap between the time of the filing of the Complaint and Defendant's motion was largely caused by Plaintiff's failure to timely perfect service.  On June 21, 2011, the Court issued an order directing Plaintiff to show cause why the undersigned should not recommend dismissal of the complaint for failure to perfect service upon Defendant within 120 days of the filing of the complaint.  (Doc. 6).  Subsequently, on July 14, 2011, Plaintiff's present counsel, Attorney Paulette Balin filed a notice of appearance and contemporaneously filed a motion asking the Court to extend the time in which to perfect service.  (Docs. 7 & 8).  The Court granted Plaintiff's motion and Plaintiff filed proof of service on August 11, 2011.  (Docs. 10-12).

Commissioner's motion. (Doc. 16). Plaintiff answered the Court's order on December 15, 2011. (Doc. 17). In her response, Plaintiff conceded that the complaint was filed outside of the statutory guidelines, but noted that she was seeking an extension from the Social Security Appeals Council which would cure this defect. (*Id*). Therefore, Plaintiff asked that the Court, in the interest of justice, do no more than dismiss the case *without prejudice*, in order to permit Plaintiff the opportunity to refile the case should the Appeals Council grant her extension. (*Id*). Finding that the Commissioner had not filed an objection to Plaintiff's request, the Court contacted Defendant's counsel to confirm whether it planned to object to this request. On January 17, 2012, Defendant's counsel informed the Court that it had no objection to Plaintiff's request.

## II. ANALYSIS

42 U.S.C. §§ 405(g) and (h) govern a claimant's right to seek judicial review of a final decision issued by the Commissioner. 42 U.S.C. §§ 405(g)-(h). Under this statute, a claimant is required to file its request for review within sixty days of the Commissioner's mailing of the notice indicating its final decision on the disposition of Plaintiff's claim. *Id.* at (g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007); 20 C.F.R. § 422.210(c) ("For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). Accordingly, the 60-day limitations period begins to run as of the date of the claimant's receipt of the Commissioner's final determination notice, which is presumed to be five days after the date indicated on the notice, unless the claimant can make a "reasonable showing" that the notice was not received within this presumptive period. *Cook*, 480 F.3d at 436 (*citing McKentry v. Sec'y of Health & Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981) and *Harris v. Comm'r of Soc. Sec.*, 25 F. App'x 273 (6th Cir. 2001)).

In the instant case, the Appeals Council's denial notice was dated December 2, 2010.  (Doc. 14, Ex. "II").   Hence, the presumed date of receipt would have been December 5, 2010, and the 60-day limitations period would have ended on February 7, 2011.[2]  Yet, Plaintiff failed to file her complaint until February 9, 2011.  *See* (Doc. 1).  Plaintiff does not contest that her complaint is time-barred.  Instead, she requests that the Court dismiss her complaint *without prejudice* as she is currently seeking an extension from the Appeals Council to cure the present defect.  Should her request be granted by the Appeals Council, Plaintiff would then have the opportunity to refile her complaint.  Because the Commissioner has indicated that it does not object to Plaintiff's request, the Court recommends that Plaintiff's complaint be dismissed *without prejudice* as it was filed outside of the statutory deadline.

### III.  DECISION

For the foregoing reasons, the Magistrate Judge recommends that the complaint, (Doc. 1), be **DISMISSED** *without prejudice*.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: January 18, 2012.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] The 60-day period actually ended on February 5, 2011.  However, because this date fell on a Saturday, Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure applied and extended Plaintiff's deadline until Monday, February 7, 2011.